LEE, P.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Concerned with a reduction in revenues following Hurricane Katrina, the City of Long Beach, Mississippi (the City) voted to terminate its contract with Operations Technologies, Inc. (OpTech) for professional utility-management services. On December 12, 2006, the City published a request for proposals in the local newspaper for the professional management, operation, and maintenance services of the City’s Public Works Department. Three businesses submitted proposals: Wastewa-ter Plant Service Company, Inc. (Waste- *398 water); OpTech; and Utility Partners, LLC (UP). After much discussion and several motions, the City’s mayor, William Skellie, Jr., and the Board of Aldermen (Board) voted to award the contract to UP. The contract between the City and UP was executed on January 17, 2007.
¶ 2. On January 11, 2007, Wastewater filed a bill of exceptions in the Harrison County Circuit Court alleging that the City’s actions in selecting UP’s proposal were arbitrary and capricious, discriminatory, illegal, and without a substantial evi-dentiary basis. The City filed a reply, denying the allegations. UP filed a motion to intervene, which the trial court ultimately granted.
¶ 3. After hearing arguments on the matter, the trial court affirmed the decision of the City to award the contract to UP. Wastewater subsequently filed its appeal, asserting the following issues: (1) the City failed to comply with Mississippi Code Annotated section 31-7-13(r) (Supp.2009), and (2) the trial court erred in denying its request for relief. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 4. Our scope of review is limited when examining the actions of a municipal board. Sunland Publ’g Co. v. City of Jackson, 710 So.2d 879, 881-82 (¶ 9) (Miss. 1998). This Court will not set aside the action of the governing body of a municipality unless such action is “clearly shown to be arbitrary, capricious, or discriminatory or is illegal or without substantial evi-dentiary basis.” Id. (citing City of Jackson v. Capital Reporter Publ’g Co., 373 So.2d 802, 807 (Miss.1979)). “For questions of law, a municipal board’s decision is reviewed de novo.” Nelson v. City of Horn Lake ex. rel Bd. of Aldermen, 968 So.2d 938, 942 (¶ 10) (Miss.2007).
DISCUSSION
I. SECTION 31-7-13(r)
¶ 5. In its first issue on appeal, Wastewater argues that the City failed to comply with Mississippi Code Annotated section 31-7-13(r). The City contends that the contract was for services only; thus, it was not required to seek competitive bids. Section 31-7-13 addresses contracts for solid-waste collection or disposal and contracts for sewage collection or disposal along with contracts for purchasing commodities, public construction, and rentals. Section 31-7-13(m)(xxii) exempts from requirements for advertising and bidding “[c]ontracts for garbage collection or disposal, contracts for solid[-]waste collection or disposal, and contracts for sewage collection or disposal.” In lieu of bidding requirements, section 31-7-13(r) sets out the specific proposal procedure for solid-waste contracts. According to section 31-7-13(r), the governing authority “shall issue publicly a request for proposals concerning the specifications for such services which shall be advertised in the same manner as provided in this section for seeking bids for purchases.... ” After publishing the request for proposals, the governing authority then selects the most qualified proposal “on the basis of price, technology and other relevant factors and from such proposals, but not limited to the terms thereof, negotiate^] and enter[s] into contracts with one or more of the firms submitting proposals.”
¶ 6. The contract between the City and UP was for the management, operation, and maintenance of the City’s Public Works Department, including “streets, drainage, water and sewer, billing services, parks, cemeteries, and city vehicle maintenance. Further, [UP] agrees to perform new sewer taps, water[-]meter maintenance and installation, and all other ser *399 vices normally performed by a city Public Works Department.” According to the Attorney General, a contract between a municipality and a company “to manage the city waste[-]water[-]treatment plant, to maintain and repair water and sewer lines, pumps, wells, etc., to read meters and to assist the water department with customer relations falls within the ambit of section 31-7-13(r).” Miss. Att’y Gen. Op., 2002 WL 1057909, 2002-0147, Cole (Apr. 5, 2002); see also Miss. Att’y Gen. Op., 2009 WL 3332565, 2009-00515, St. Pe’ (Sept. 18, 2009); Miss. Att’y Gen. Op., 2004 WL 1833096, 2004-0326, Mullins (July 30, 2004); Miss. Att’y Gen. Op., 2002 WL 31911109, 2002-0670, Jones (Nov. 8, 2002).
¶ 7. The trial court found that the contract was for services only, and it did not require advertisement and invitation for bids. The trial court stated that “section 31-7-13 requiring explanation in the event of an award of a contract to a bidder other than the lowest bid, is not applicable.” The trial court was correct that the contract did not require advertisement and invitation for bids, and that the City was not required to explain why the contract was not awarded to the lowest bidder, Wastewater, in this instance.
¶8. Clearly, the contract between the City and UP falls within the dictates of section 31-7-13(r). Despite the fact that the City contends section 31-7-13(r) is inapplicable, it nevertheless followed the procedures set out for requests for proposals. The City published a request for proposals, in which specific terms and conditions were listed pursuant to statute. The City selected UP as the most qualified bidder, negotiated with UP, and then entered into a contract with UP. Although the trial court erred in failing to determine that section 31-7-13(r) applied to the contract at hand, the correct result was reached since the City followed the proper statutory procedures. This issue is without merit.
II. PROPOSAL
¶ 9. In its other issue on appeal, Wastewater argues that the City did not select the most qualified proposal on the basis of price, technology, and other relevant factors. Wastewater contends that its proposal was the most qualified because it contained the lowest price. After receiving three proposals, the City evaluated the three proposals on the bases of price, the understanding of the requirements, and experience and reputation. During one of the meetings with the mayor and the board of aldermen, each member of the selection committee submitted a ranking form. These forms gave numerical rankings, with the lowest score ranking highest, to each proposal in three categories: price, understanding of the requirements, and experience and reputation.
¶ 10. Wastewater asserts that having the lowest-price proposal should automatically win it the contract. However, according to the ranking forms, UP consistently had better rankings in all categories than Wastewater except for price. The Board had the discretion to award the contract to the company it found was the best one for the job. Clearly, the Board found UP better suited in the following areas: understanding of the requirements and experience and reputation. Ultimately, the City was able to negotiate a fee lower than in UP’s initial proposal. Wastewater has failed to show that the City’s decision was arbitrary and capricious, discriminatory, or without substantial evidentiary basis. This issue is without merit.
¶11. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS *400 OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.